STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
Facsimile: (775) 786-7764
E-Mail: steve@harrislawreno.com
Attorney for Debtor/ Plaintiff

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| IN RE:<br><br>ESSEX REAL ESTATE PARTNERS, LLC,<br><br>            Debtor.<br>_____/<br>ESSEX REAL ESTATE PARTNERS, LLC,<br><br>            Plaintiff,<br>v.<br><br>INTEGRATED FINANCIAL ASSOCIATES, INC., a Nevada corporation; and NEXBANK, SSB, a Texas chartered state savings bank,<br><br>            Defendants.<br>_____/ | Case No. 19-51486-btb<br>(Chapter 11)<br><br>Adv. No. 20-05001-btb<br><br>**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hrg. Date: May 14, 2020<br>Hrg. Time: 10:00 a.m.<br>Est. Time: ½ day to 1 day<br>Set By:    Calendar Clerk |

      Plaintiff ESSEX REAL ESTATE PARTNERS, LLC ("Plaintiff," "Debtor" or "Essex"), Debtor in the above-captioned Chapter 11 case, by and through its attorney STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby files the following Statement of Undisputed Facts, In Support of Motion for Summary Judgment, pursuant to LR 7056(a).

      1.      Essex Real Estate Partners, LLC, is a Nevada limited liability company.  On

December 27, 2019 (the "Petition Date"), Essex filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case"), as related to the Chapter 7 bankruptcy case of George F. Holman, Sr. ("Holman") pending in this Court as Case No. 13-52092-btb. No trustee has been appointed in the Chapter 11 Bankruptcy Case and Essex remains a debtor-in-possession herein. **Complaint ¶5[1]; Voluntary Petition (Bk DE 1[2]).**

2.    Jeri Coppa-Knudson is the duly appointed Trustee for Holman's Chapter 7 bankrupt estate, and Holman's interest in Essex is property of Holman's bankrupt estate pursuant to 11 U.S.C. §541. Jeri Coppa-Knudson is also the duly appointed Manager of Essex. **Complaint ¶6; Voluntary Petition (Bk DE 1); Schedules and Statement of Financial Affairs (Bk DE 11).**

3.    Defendant NEXBANK, SSB, is a Texas chartered state savings bank ("NexBank"). **Complaint ¶7**.

4.    Defendant INTEGRATED FINANCIAL ASSOCIATES, INC., is a Nevada corporation ("IFA"). **Complaint ¶8**.

5.    As of November 29, 2007, and through the present, Essex was and is the owner of that certain commercial real property located in Henderson, Clark County, Nevada identified as APNs: 191-15-811-001; 191-15-711-022; 191-23-211-003; 191-23-211-004; and 191-14-311-002 (collectively the "Property"). **Complaint ¶11; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration[3] as Exhibit A.**

6.    On January 28, 2020, Essex filed its Complaint (Adv. DE 1) against the Defendants alleging the following claims for relief: (1) Quiet Title (N.R.S. § 40.010); (2) Wrongful Disparagement/ Slander of Title; (3) Extent, Priority and Validity of Liens; (4) Cancellation of Instrument; (5) Objection to Proof of Claim (11 U.S.C. § 502(a)); and (6) Request for Attorney Fees. **Complaint (Adv DE 1[4]).**

7.    On February 13, 2020, Plaintiff's counsel personally served the Summons and Complaint on Defendants' counsel. **Adv DE 13 and 14.**

8.    On November 29, 2007, Essex borrowed the total principal sum of Sixty-Six

---

[1] Complaint filed as DE 1 in this Adv. Case No. 20-05001-btb.
[2] "Bk DE" refers to docket number in Essex Real Estate Partners, LLC's Chapter 11 Case No. 19-51486-btb.
[3] Declaration of Stephen R. Harris filed concurrently herewith in support of this Statement of Undisputed Facts.
[4] "Adv DE" refers to docket number in this Adv. Case No. 20-05001-btb.

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

2

Million Dollars ($66,000,000) under a Term Loan Agreement dated November 29, 2007, and a Deed of Trust Note in the amount of $42,900,000 payable to The Foothill Group, Inc. (the "Foothill Note") and a Deed of Trust Note in the principal amount of $23,100,000 payable to IFA (the "IFA Note") (the Foothill Note and IFA Note are collectively referred to as the "Notes"). **Complaint ¶12. Notes collectively totaling $66,000,000, attached to Harris Declaration as Exhibit B.  Term Loan Agreement attached to Harris Declaration as Exhibit C.; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

9. At all relevant times, NexBank was and is the duly appointed collateral agent and administrative agent for the lenders under the Notes and the Term Loan Agreement. **Complaint ¶13; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

10. Concurrent with execution of the Notes and the Term Loan Agreement, Essex executed a Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing ("Deed of Trust"), for the purpose of securing the obligations under the Notes and Term Loan Agreement.  The Deed of Trust was recorded on December 4, 2007, in the Official Records of the Clark County Recorder as Inst.# 20071204-0001853, thus encumbering Essex's Property at the time of recordation. **Complaint ¶14; Deed of Trust attached to Harris Declaration as Exhibit D.**

11. On November 29, 2007, Holman executed a Guaranty Agreement pursuant to which Holman guaranteed payment of all amounts due under the Notes and the Term Loan Agreement. **Complaint ¶15.**

12. NexBank, as the collateral agent and administrative agent for the lenders, is the beneficiary of the Term Loan Agreement, Notes and other related documents relevant to the $66 million loan (the "Loan"). **Complaint ¶16; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

13. The purpose of the Loan was to finance the purchase and development of the Property based on a Development Agreement dated November 29, 2007, between Essex and KB Home Nevada, Inc. **Complaint ¶17.**

14. The entire principal and accrued interest owing under the Notes and Term Loan Agreement was wholly due and payable by Essex on the initial Maturity Date of December 1,

2008. **Complaint ¶18; Harris Declaration Exhibits B and C; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

15. Essex had the option to exercise a six month first extension of the initial Maturity Date under the Notes and Loan Agreement to June 1, 2009 (the "First Extended Maturity Date"), under certain conditions. **Complaint ¶19; Harris Declaration Exhibits B and C; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

16. Essex had the option to exercise an additional six month second extension of the initial Maturity Date under the Notes and Loan Agreement to December 1, 2009 (the "Second Extended Maturity Date"), under certain conditions. **Complaint ¶20; Harris Declaration Exhibits B and C; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

17. Essex did not exercise the First Extended Maturity Date or the Second Extended Maturity Date. **Complaint ¶21**.

18. Even if Essex had exercised the First Extended Maturity Date and the Second Extended Maturity Date, the final date that the Notes and Term Loan Agreement would mature and become wholly due and payable under both extensions was December 1, 2009. **Complaint ¶22; Harris Declaration Exhibits B and C; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

19. In or about April 2008, The Foothill Group, Inc. assigned its rights and obligations under the Term Loan Agreement and the Foothill Note to Highland Crusader Holdings Corporation and Highland Credit Opportunities Holding Corporation. Approximately one day later, each of those entities assigned their respective rights and obligations to the Highland Funds. **Complaint ¶23.**

20. At various times after November 29, 2007, fractional beneficial interests under the Notes and the Deed of Trust were assigned to numerous other parties. **Complaint ¶24**; **Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

21. Notwithstanding the numerous alleged assignments of interests under the Notes and Deed of Trust, NexBank remains the duly appointed collateral agent and administrative agent for all lenders under the Notes and Term Loan Agreement, including all parties receiving

fractional beneficial interests under the Notes and the Deed of Trust. **Complaint ¶25; NexBank, SSB Claim 1, Case No. 19-51486-btb**.

22. The principal and accrued interest under the Notes and the Term Loan Agreement was not timely paid by Essex on or before the Maturity Date of December 1, 2008. **Complaint ¶28; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

23. On or about June 30, 2008, certain litigation ensued between Essex, Las Vegas Development Associates, LLC, and KB Home Nevada, Inc., in the Eighth Judicial District Court, Clark County, Nevada, as Case No. A566442. **Complaint ¶29; Joint Litigation Agreement attached to Harris Declaration as Exhibit E; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

24. Other litigation was initiated on or about November 4, 2008, by IFA against KB Home Nevada, Inc., also in the Eighth Judicial District Court, Clark County, Nevada, as Case No. A574976 (Case No. A566442 and Case No. A574976 collectively referred to as the "KB Home Litigations"). **Complaint ¶30; Joint Litigation Agreement attached to Harris Declaration as Exhibit E; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

25. Nothing in the KB Home Litigations changed the Maturity Date under the Notes and the Term Loan Agreement, and at all times herein, the Notes and the Term Loan Agreement fully matured and became wholly due on December 1, 2008. **Complaint ¶31; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

26. There are no recorded extensions of the Maturity Date under the Notes and Term Loan Agreement. **Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

27. On June 6, 2016, pursuant to N.R.S. § 361.570, the Ex Officio Tax Receiver for Clark County prepared a certificate for each parcel of the Property on which delinquent taxes had not been paid, authorizing the Clark County Treasurer to hold each parcel of the property described in the certificates for a period of two (2) years unless sooner redeemed by payment of the taxes and accruing taxes, penalties and costs, together with interest on the taxes at the rate of 10 percent (10%) per annum from the date due until paid. **Complaint ¶32; Fidelity National**

**Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

28. Because neither Essex, NexBank, IFA or any of the lenders redeemed the Property by paying all past due taxes, on July 2, 2018, Tax Trustee Deeds with respect to each parcel of the Property were recorded by the Clark County Treasurer in the records of the Clark County Recorder as Instrument Numbers 20180702-0000741, 20180702-0000742, 20180702-0000743, 20180702-0000744 and 20180702-0000745. **Complaint ¶33; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

29. The effect of the Tax Trustee Deeds is that title to the Property is held in trust by the Clark County Treasurer with Essex as the owner of said Property, until such time as the Property is sold at a public sale or otherwise conveyed pursuant to N.R.S. § 361.595. **Complaint ¶34; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

30. As of Essex's Petition Date, no sale or conveyance of the Property had occurred by Clark County, and title of the Property remains vested in Essex and Laura B. Fitzpatrick, the Treasurer of Clark County. **Complaint ¶35; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

31. Pursuant to N.R.S. §§ 361.585(3) and (4), the Property may be reconveyed out of trust from the Clark County Treasurer to the legal owner, Essex, upon payment equal to all taxes accrued, together with any costs, penalties and interest legally chargeable against the Property. **Complaint ¶36; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

32. The Clark County Treasurer filed a Proof of Claim in the Bankruptcy Case on January 15, 2020 (Claim 2-1), attesting to the fact that the Clark County Treasurer is owed $2,597,004.72. **Complaint ¶37; Clark County Treasurer Claim 2, Case No. 19-51486-btb.**

33. On October 30, 2013, Holman filed his Voluntary Petition for Chapter 7 relief in this Bankruptcy Court, as Case No. 13-52092-btb. **Complaint ¶38; DE 1 in Case No. 13-52092-btb.**

34.     On October 16, 2014, NexBank filed an unsecured Proof of Claim (Claim 4-1) in the amount of $174,096,328.82 in Holman's Chapter 7 case. NexBank's Proof of Claim in Holman's case was based on Holman's Guaranty Agreement. **Complaint ¶39; NexBank, SSB Claim 4, Case No. 13-52092-btb.**

35.     On July 3, 2014, an Order Discharging Debtor was entered in Holman's Chapter 7 case, at which time his personal liability under the Guaranty Agreement was discharged pursuant to 11 U.S.C. §727. **Complaint ¶40; DE 22 Case No. 13-52092-btb.**

36.     On January 27, 2016, a Final Decree, Discharge of Trustee and Closing of Chapter 7 Case was entered in Holman's Chapter 7 case. **Complaint ¶41; DE 54 Case No. 13-52092-btb.**

37.     On March 13, 2019, the United States Trustee filed her Ex Parte Motion to Reopen Chapter 7 Case in Holman's Chapter 7 case, for the purpose of administering Holman's ownership interest in Essex. **Complaint ¶42; DE 55 Case No. 13-52092-btb.**

38.     On March 18, 2019, Jeri Coppa-Knudson was once again appointed as Trustee of Holman's re-opened Chapter 7 case. **Complaint ¶43; DE 58 Case No. 13-52092-btb.**

39.     Harris Law Practice LLC was appointed as bankruptcy counsel for Jeri Coppa-Knudson ("Trustee") in Holman's re-opened Chapter 7 case, pursuant to an order entered March 29, 2019. **Complaint ¶44; DE 63 Case No. 13-52092-btb.**

40.     On December 2, 2019, this Court entered an order approving a substitution of counsel whereby Michael C. Lehners, Esq. replaced Harris Law Practice LLC as the Trustee's counsel in Holman's reopened Chapter 7 case. **DE 89 Case No. 13-52092-btb.**

41.     On December 27, 2019, Essex filed its Voluntary Petition for Chapter 11 relief initiating this bankruptcy case number 19-51486-btb. **Bk DE 1.**

42.     On January 6, 2020, NexBank filed a secured Proof of Claim (Claim No. 1) ("NexBank's POC") in this Bankruptcy Case alleging that the sum of $584,462,133.58 is due and owing under the Notes, the Term Loan Agreement and the Deed of Trust. **Complaint ¶49; NexBank, SSB Claim 1, Case No. 19-51486-btb.**

43.     On January 22, 2020, the Debtor/ Plaintiff filed an Application seeking to employ

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

Harris Law Practice LLC as its bankruptcy counsel pursuant to 11 U.S.C. § 327(a). **Bk DE 12.**

44. N.R.S. § 106.240, colloquially known as Nevada's "Ancient Mortgage Statute," states the following:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

N.R.S. § 106.240. **Complaint ¶46;** https://www.leg.state.nv.us/NRS/NRS-106.html

45. In the ten (10) years since the Notes and the Term Loan Agreement became wholly due and payable by their own terms, neither NexBank, IFA or any other party foreclosed on the Deed of Trust. **Complaint ¶47; NexBank, SSB Claim 1, Case No. 19-51486-btb; Fidelity National Title Group Preliminary Report dated October 10, 2019, attached to Harris Declaration as Exhibit A.**

46. On January 22, 2020, Plaintiff/Debtor's counsel provided written demand to Defendants' counsel to comply with the provisions of N.R.S. § 107.077 by voluntarily recording a reconveyance of the Deed of Trust because the Notes, Term Loan Agreement and Deed of Trust were conclusively presumed to be regularly satisfied and discharged by N.R.S. § 106.240. **January 22, 2020, email correspondence to Candace Carlyon, Esq. and William Noall, Esq. attached to Harris Declaration as Exhibit F.**

DATED this 28th day of February, 2020.

                                            STEPHEN R. HARRIS, ESQ.
                                            HARRIS LAW PRACTICE LLC

                                            *Stephen R. Harris*
                                            _____
                                            Attorney for Debtor/Plaintiff
                                            Essex Real Estate Partners, LLC